**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| ARTHUR-ALEXANDER GODOY, <br><br> Plaintiff, <br><br> v. <br><br> TD BANK, N.A., et al., <br><br> Defendants. | Civil No. 17-13149(RMB/KMW) <br><br> **OPINION** |

**RENÉE MARIE BUMB**, United States District Judge:

This matter comes before the Court upon the filing of a motion to dismiss by Defendants TD Bank, N.A. ("TD") and the Toronto-Dominion Bank ("Toronto-Dominion," and collectively with TD the "Defendants"). [Dkt. No. 5].[1] In their motion, Defendants

---

[1] On March 6, 2018, Plaintiff submitted a Request for Default against all Defendants. [Dkt. No. 12]. TD was served on January 8, 2018. [Dkt. No. 8]. Assuming this service was proper, this would give Defendants until January 29, 2018 to answer or otherwise respond to Plaintiff's Complaint. The Defendants filed their motion to dismiss on January 30, 2018. Fed. R. Civ. P. 55(a) provides that "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Here, not only had Defendants responded over one month before Plaintiff filed his request for default, but the parties had fully briefed a contested motion to dismiss. [See Dkt. Nos. 5, 9, 10]. Accordingly, Plaintiff's request for default will be denied, and Defendants' motions regarding Plaintiff's request, [Dkt. Nos. 13, 15], will be denied as moot.

seek the dismissal of pro se Plaintiff Arthur-Alexander Godoy's Complaint in its entirety. For the following reasons, Defendants' motion will be GRANTED, and Plaintiff's Complaint will be DISMISSED, without prejudice.

Plaintiff is an individual who resides at 3001 Cambie Street, Vancouver, British Columbia, Canada. (Compl. 3:7). TD is a bank which, according to Plaintiff, is "a citizen of New Jersey because it is a national bank with its designated main office in the State of New Jersey," and is a subsidiary of Toronto-Dominion, a Canadian chartered bank. (Id. at 3:8-9). Plaintiff alleges that, beginning in May 2017 and continuing through November 2017, the Defendants—or at least one of them—sent him several letters and made several phone calls to him in an attempt to collect a debt. (Id. at 5:7-6:13; Ex. A-J). Plaintiff alleges that when he disputed the debt, Defendants—without validating the debt—reported "inaccurate derogatory information about Plaintiff to one or more consumer reporting agencies." (Id. 6:12, 15-21). Plaintiff attempted to dispute the accuracy of the information reported, but the Defendants failed to timely respond and failed to inform the consumer reporting agencies of the dispute.

On December 19, 2017, Plaintiff filed a four count Complaint alleging: (1) violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq.; (2) violation of the

2

Telephone Consumer Protection Act ("TCPA"), Section 227, 47 U.S.C. § 227(b)(1)(A); (3) breach of contract; and (4) negligence. Defendants' motion to dismiss was filed on January 30, 2018. In their motion, Defendants argue that Plaintiff's Complaint should be dismissed because, among other things, the Court lacks personal jurisdiction over Toronto-Dominion, the Court lacks subject matter jurisdiction, and venue is improper.[2] The thrust of these arguments is that Plaintiff is a Canadian citizen suing a Canadian defendant for conduct that took place in Canada in relation to a Canadian credit card.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556). Moreover, Fed. R. Civ. P. 8(a) requires that a pleading contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to

---

[2] The Defendants also challenge the Complaint for failure to state a claim.

3

relief." Fed. R. Civ. P. 8(a)(1), (2). Each averment must be "simple, concise, and direct." Id. at 8(d)(1).

On a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing the court's jurisdiction over the defendant. Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004). Although the plaintiff must ultimately prove personal jurisdiction by a preponderance of the evidence, such a showing is unnecessary at the early stages of litigation. Mellon Bank (E.) PSFS, Nat. Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992). Instead, the plaintiff must "present[ ] a prima facie case for the exercise of personal jurisdiction by establishing with reasonable particularity sufficient contacts between the defendant and the forum state." Id. at 1223 (citations omitted). Because a Rule 12(b)(2) motion "is inherently a matter which requires resolution of factual issues outside the pleadings," the jurisdictional allegations may be supported with sworn affidavits or other documents. Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330 (3d Cir. 2009). Once the plaintiff meets his or her burden, the burden shifts to the defendant to establish the presence of other considerations that would render the exercise of personal jurisdiction unreasonable. Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 150 (3d Cir. 1992) (citation omitted).

Because Plaintiff is pro se, his pleadings must be interpreted liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see also Haines v. Kerner, 404 U.S. 519, 520 (1972) ("[H]owever inartfully pleaded," the "allegations of a pro se complaint [are held] to less stringent standards than formal pleadings drafted by lawyers[.]"). This does not, however, absolve Plaintiff of the need to adhere to the Federal Rules of Civil Procedure. See, e.g., Fantone v. Latini, 780 F.3d 184, 193 (3d Cir. 2015), as amended (Mar. 24, 2015)("a pro se complaint . . . must be held to 'less stringent standards than formal pleadings drafted by lawyers;' . . . but we nonetheless review the pleading to ensure that it has 'sufficient factual matter; accepted as true; to state a claim to relief that is plausible on [its] face.'").

Even construing Plaintiff's Complaint liberally, it suffers from several fatal flaws. Plaintiff's Complaint is thirty-two pages, half of which consist of difficult to comprehend legal arguments. Moreover, Plaintiff names two Defendants: TD and Toronto-Dominion, yet throughout his Complaint he refers only to "Defendant" without distinguishing between the two. This makes it unclear who Plaintiff has alleged has taken what action.[3] This

---

[3] The Court notes, however, that based on the exhibits appended to Plaintiff's Complaint, it appears that this is a dispute between a Canadian citizen and a Canadian company about a credit card issued in Canada. In his amended complaint, Plaintiff

5

also prevents the Court from determining whether personal jurisdiction over Toronto-Dominion is proper,[4] whether this is

---

should specific which Defendant he alleges engages in what allegedly unlawful conduct.

[4] "[A] federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state." Marten v. Godwin, 499 F.3d 290, 296 (3d Cir. 2007) (quoting Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987)). In New Jersey, "courts may exercise jurisdiction over a nonresident defendant to the uttermost limits permitted by the United States Constitution." Nicastro v. McIntyre Mach. Am., Ltd., 987 A.2d 575, 589 (2010), rev'd on other grounds sub nom., J. McIntyre Mach., Ltd. v. Nicastro, 564 U.S. 873 (2011). "Accordingly, in determining whether personal jurisdiction exists, we ask whether, under the Due Process Clause, the defendant has certain minimum contacts with [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 316 (3d Cir. 2007).

There are two types of personal jurisdiction: general and specific. Specific jurisdiction enables a court to hear claims that arise from a defendant's contacts with the forum where the court sits. Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408, 414 n. 8 (1984). In contrast, a court exercising general jurisdiction may hear any claim against a defendant that possesses systematic and continuous contacts with the forum regardless of whether the claim resulted from the defendant's forum-related activities. Id. at 415 n. 9. Plaintiff does not appear to have alleged that his suit arises from Toronto-Dominion's contacts with New Jersey. He appears to be arguing, rather, that because TD, a subsidiary of Toronto-Dominion, is a New Jersey Corporation, Toronto-Dominion is subject to general jurisdiction in New Jersey. The parent-subsidiary relationship alone, however, is not enough to confer general jurisdiction. See Horowitz v. AT&T Inc., No. 3:17-CV-4827-BRM-LHG, 2018 WL 1942525, at *8-9(D.N.J. Apr. 25, 2018)(evaluating necessary relationship between parent and subsidiary for exercise of general jurisdiction of parent in subsidiary's domicile). If this is the theory under which Plaintiff intends to proceed, he should thoroughly evaluate whether TD's presence in New Jersey subjects Toronto-Dominion to suit here for actions that took place elsewhere.

the proper venue for this suit, and whether the Court has subject matter jurisdiction over this action. Accordingly, Plaintiff's Complaint fails to provide the "short and plain statement of the grounds for the court's jurisdiction" and "short and plain statement of the claim showing that the pleader is entitled to relief" required by Fed. R. Civ. P. 8.

For the foregoing reasons, Defendants' motion to dismiss will be GRANTED, and Plaintiff's Complaint will be DISMISSED, without prejudice. Plaintiff will be granted leave to file an amended complaint consistent with this Opinion. An Order accompanying this Opinion shall issue on this date.

    s/ Renee Marie Bumb
RENÉE MARIE BUMB
United States District Judge

DATED: August 31, 2018