# Arthur Alexander Godoy

℅ 3001 Cambie Street Vancouver British Columbia Canada [V5Z 4N2]

September 13, 2018

UNITED STATES DISTRICT COURT
Mitchell H. Cohen Building
& U.S. Courthouse
4th & Cooper Streets
Room 1050
Camden, NJ 08101
856-757-5021

ATTENTION: Clerk of the court.
Case No. 1:17-cv-13149- RMB-KMW

Dear Sir or Madam,

Enclosed you will find the following documents::

1. CERTIFICATE OF SERVICE FOR SERVICE BY MAIL - PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT

2. .DECLARATION OF ARTHUR-ALEXANDER GODOY IN SUPPORT OF FIRST AMENDED VERIFIED COMPLAINT

3. FIRST AMENDED VERIFIED COMPLAINT

Please accept these documents as timely.

Sincerely yours,

By: _____

Arthur-Alexander Godoy

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

ARTHUR-ALEXANDER GODOY,     Plaintiff,

vs.

TD BANK, N.A.; THE TORONTO-
DOMINION BANK; and Does 1-10,

**CERTIFICATE OF
SERVICE FOR
SERVICE BY MAIL**

Case No. 1:17-cv-13149-
RMB-KMW

Defendant(s).

I hereby certify that on ___9/13/2018___ (mm/dd/yyyy), I caused the following
documents:

### PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT

*[Check the box, below, that applies to how you served the above documents.]*

■ to be filed electronically with the Clerk of Court through ECF and/or

■ that I caused a copy of the foregoing documents (and the notice of electronic
filing, if filed electronically) to be mailed by first class mail, postage paid, to the
following:

DUANE MORRIS, LLP
30 South 17th Street
Philadelphia, PA 19103

Date:

s/ _____

**Signature of filing party**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

ARTHUR-ALEXANDER GODOY,

     Plaintiff,

-v-

TD BANK, N.A.; THE TORONTO-
DOMINION BANK; and Does 1-10,

     Defendants.

Case No. 1:17-cv-13149-RMB-KMW

### DECLARATION OF ARTHUR-ALEXANDER GODOY
### IN SUPPORT OF FIRST AMENDED VERIFIED COMPLAINT

I, Arthur-Alexander Godoy, declare:

1. I am the Plaintiff in the above entitled case.

2. This declaration is offered in support of Plaintiff's First Amended Verified

Complaint. I have personal knowledge of each fact set forth herein, except for

those claims made as understanding and belief, and if called upon to testify as a

witness, I could and would competently testify thereto. Defendants are

referenced below as: TD BANK, N.A.; THE TORONTO-DOMINION BANK; and

Does 1-10.

DECLARATION OF ARTHUR-ALEXANDER GODOY -  Page 1 of 3

3. On or about May 17, 2017, Defendant TD caused to be sent to Plaintiff a letter requesting settlement in full of an alleged debt.

4. On or about May 29, 2017, Plaintiff sent Defendant TD a Notice of Dispute, demanding validation of an alleged account with Defendant TD.

5. On or about June 5, 2017, Plaintiff sent Defendant TD another Notice of Dispute, claiming Defendant TD was in default.

6. On or about June 15, 2017, Plaintiff sent Defendant TD another Notice of Dispute, demanding validation of an alleged account with Defendant TD.

7. On or about July 24, 2017, Defendant TD sent Plaintiff a letter stating that the case was assigned to another department.

8. On or about August 6, 2017, Plaintiff received from Defendant TD, stating that the balance had changed, and that there would be a daily penalty.

9. On or about August 21, 2017, Plaintiff drafted an affidavit that Plaintiff had not received a response from Defendant TD regarding notice of disputes.

10. On or about October 12, 2017 Plaintiff received a letter from Defendant TD, stating that the case was sent to counsel for collections.

11. On or about November 8, 2017, Defendant TD caused to be sent to Plaintiff a letter referring Plaintiff's request to another area of TD Bank.

12. On or about November 8, 2017, Defendant TD caused to be sent to Plaintiff a letter claiming to not understand Plaintiff's request, thereby referring the request to another area of TD Bank.

DECLARATION OF ARTHUR-ALEXANDER GODOY -  Page 2 of 3

13. Defendant TD reported inaccurate derogatory information about Plaintiff to one or more consumer reporting agencies.

14. Defendant TD made unauthorized calls to Plaintiff's telephone.

15. On 38 separate occasions, between June 2, 2017 and July 17, 2017, Defendant TD violated the TCPA by calling Plaintiff using automatic telephone dialing system or artificial or prerecorded voices on Plaintiff's telephone. These occasions were conducted after Plaintiff notified Defendant TD to cease communications.

16. Upon information and belief, the Defendant TD failed to provide Plaintiff with validation of the alleged debt.

17. Upon information and belief, the Defendant TD failed to report Plaintiff's disputes to the reporting agencies.

18. Upon information and belief, the Defendant TD is reporting derogatory and inaccurate information about Plaintiff to one or more consumer reporting agencies (credit bureaus) as defined by 15 U.S.C. § 1681a.

I declare under penalty of perjury under the laws of the State of British Columbia that the foregoing is true and correct.

This declaration was executed on _Sept. 13_, 2018, at Vancouver, B.C.

Arthur-Alexander Godoy
3001 Cambie Street
Vancouver, BC V5Z 4N2
CANADA

DECLARATION OF ARTHUR-ALEXANDER GODOY - Page 3 of 3

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

ARTHUR-ALEXANDER GODOY,

Plaintiff,

Case No. 1:17-cv-13149-RMB-KMW

-v-

TD BANK, N.A.; THE TORONTO- DOMINION BANK; and Does 1-10,

Defendants.

## FIRST AMENDED VERIFIED COMPLAINT

## I. INTRODUCTION

1. This is an action brought against TD Bank, N.A. ("TD") and The Toronto-Dominion

Bank ("DOMINION") pursuant to the Fair Credit Reporting Act 15 U.S.C. §1681

("FCRA"), which prohibits reporters from engaging in deceptive and unfair practices.

Defendant TD is a "furnisher of information" under the FCRA. Defendant TD reported

derogatory remarks to the Credit Reporting Agencies (hereinafter "CRA"). The FCRA

also requires CRAs to report accurate information.

2. This is an action brought against TD Bank, N.A. and The Toronto-Dominion Bank

pursuant to the Telephone Consumer Protection Act 47 U.S.C. §227, et seq. ("TCPA"),

which prohibits collectors from engaging in automatic telephone calling. Plaintiff seeks

damages and other relief.

## II.    SHORT AND PLAIN STATEMENT OF JURISDICTION

1. Jurisdiction arises under 15 U.S.C. §1681 et seq., 47 U.S.C. §227, 28 U.S.C. §1331,

and 28 U.S.C. §1337(a). Violations have occurred within one (1) year prior to the filing

of this case.

2. Personal jurisdiction exists over Defendant Texas it had the necessary minimum

contacts in this State and this suit arises out of their specific conduct with Plaintiff.

3. This Court has original jurisdiction of this action under 28 U.S.C. §1331 and 1337

because the claims arise under the laws of the United States, including the Electronic

Funds Transfer Act, 15 U.S.C. §1693, et seq.

4. No jurisdiction herein shall annul, alter, or affect, or exempt any person from

complying with State law. See 15 U.S.C. §1692n.

## III. VENUE

5. Venue is established as Defendant TD BANK, N.A. does business in this district,

resides in this district and has the capacity to be sued in its common name. See 28

U.S.C. §1391(c)(2).

6. Venue is proper in this district pursuant to 28 U.S.C. §1391 because (a) Defendant

TD BANK, N.A. is subject to personal jurisdiction here, (b) regularly conducts

substantial business in this District, and/or (c) a substantial part of the events or
omissions giving rise to the claims asserted herein occurred and continue to occur in
this district.

## IV.    PARTIES

7. Plaintiff Arthur-Alexander Godoy (hereinafter "Plaintiff") is a consumer whose
address is 3001 Cambie Street, Vancouver, BC V5Z 4N2 CANADA.

8. Defendant TD BANK, N.A. (hereinafter "TD") is a citizen of New Jersey because it
is a national bank with its designated main office in the State of New Jersey. TD
regularly and systematically conducts business throughout New Jersey, including in
this district. TD is a subsidiary of The Toronto-Dominion Bank, a Canadian chartered
bank, the stock of which is traded on the Toronto and New York Stock Exchanges
under the symbol "TD." TD can be served at 9000 Atrium Way, Mount Laurel, New
Jersey, 08054. Defendant TD is a furnisher of information within the meaning of the
FCRA, 15 U.S.C. §1681s-2(b), and both Defendants will be referred to herein as
Defendants.

9. Defendant The Toronto-Dominion Bank (hereinafter "DOMINION") is a Canadian-
chartered bank subject to the provisions of the Bank Act (Canada). The DOMINION
stock is traded on the Toronto and New York Stock Exchanges under the symbol
"TD." According to Defendant DOMINION, "The Toronto-Dominion Bank and its
subsidiaries are collectively known as TD Bank Group." (hereinafter "GROUP")[1],
and do business in the state of New Jersey, *inter alia*, through TD.

---

[1] See http://www.td.com/about-tdbfg/corporate-information/corporate-profile/profile.jsp. Last visited on November
17, 2017.

10.    Defendant DOMINION is responsible for Plaintiff's damages because: (1) it was responsible for the violations described herein by its own actions; (2) its agents committed these violations within the scope of their authority; (3) it is a co-conspirator or co-participant in the deceptive scheme complained of herein; and/or (4) it or its agents actively participated in such scheme. DOMINION maintained control over its subsidiaries and agents and had knowledge of the violations alleged herein and TD's direct involvement or complicity in these violations. In particular, DOMINION maintained such control over the actions of its subsidiaries that it should be considered as an alter ego, joint enterprise, and/or as jointly controlled, and it would be unfair to recognize their separate corporate existence vis-à-vis the claims made by Plaintiff in this complaint.

11.    According to Defendants, GROUP is a marketing term used to describe DOMINION and its affiliates, including TD.[2] According to Defendants, DOMINION, "TD Bank Group offers a full range of financial products and services through the following business: [...] TD Bank, America's Most Convenient Bank."[3], which constitutes business.

12.    Defendants Does 1-10 are currently unknown to plaintiff. Complaint will be amended when facts are discovered regarding unknown parties.

## V.    FACTUAL ALLEGATIONS

1.  Plaintiff brings this action on his own behalf.

---

[2] Global Sessions LP, et al, v. TD Bank Group, et al. Case No. 1:13-cv-00692-SS.

[3] Welcome to TD. Available online at http://www.td.com/about-tdbfg/our-business/index.jsp. Last visited on November 17, 2017.

2. On or about May 17, 2017, Defendant caused to be sent to Plaintiff a letter requesting settlement in full of an alleged debt. See **Exhibit "A"**.

3. On or about May 29, 2017, Plaintiff sent Defendant a Notice of Dispute, demanding validation of an alleged account with Defendant. See **Exhibit "B"**.

4. On or about June 5, 2017, Plaintiff sent Defendant another Notice of Dispute, claiming Defendant was in default. See **Exhibit "C"**.

5. On or about June 15, 2017, Plaintiff sent Defendant another Notice of Dispute, demanding validation of an alleged account with Defendant. See **Exhibit "D"**.

6. On or about July 24, 2017, Defendant sent Plaintiff a letter stating that the case was assigned to another department. See **Exhibit "E"**.

7. On or about August 6, 2017, Plaintiff received from Defendant, stating that the balance had changed, and that there would be a daily penalty. See **Exhibit "F"**.

8. On or about August 21, 2017, Plaintiff drafted an affidavit that Plaintiff had not received a response from Defendant regarding notice of disputes. See **Exhibit "G"**.

9. On or about October 12, 2017 Plaintiff received a letter from Defendant, stating that the case was sent to counsel for collections. See **Exhibit "H"**.

10. On or about November 8, 2017, Defendant caused to be sent to Plaintiff a letter referring Plaintiff's request to another area of TD Bank. See **Exhibit "I"**.

11. On or about November 8, 2017, Defendant caused to be sent to Plaintiff a letter claiming to not understand Plaintiff's request, thereby referring the request to another area of TD Bank. See **Exhibit "J"**.

12. Defendant TD reported inaccurate derogatory information about Plaintiff to

one or more consumer reporting agencies.

**13.** Defendant TD made unauthorized calls to Plaintiff's telephone. See **Exhibit "K"**.

14. On 38 separate occasions, between June 2, 2017 and July 17, 2017, Defendant TD violated the TCPA by calling Plaintiff using automatic telephone dialing system or artificial or prerecorded voices on Plaintiff's telephone. These occasions were conducted after Plaintiff notified Defendant TD to cease communications.

15. Defendant TD failed to lawfully validate the alleged debt.

16. Defendant TD failed to report Plaintiff's disputes.

17. The Defendant TD is reporting derogatory and inaccurate information about Plaintiff to one or more consumer reporting agencies (credit bureaus) as defined by 15 U.S.C. § 1681a.

18. Plaintiff has disputed the accuracy of the derogatory and inaccurate information reported by Defendant TD to the Consumer Reporting Agencies via certified mail.

19. Defendant TD did not timely respond to Plaintiff's letters of dispute by providing evidence of the alleged debt to Plaintiff nor to the Consumer Reporting Agencies.

20. Defendant TD has not provided notice of this disputed matter to the credit bureaus and is therefore in violation of the Fair Credit Reporting Act.

21. Defendant TD did not disclose that it did not loan any of its money to Plaintiff.

## VI.    CAUSES OF ACTION

### COUNT 1

### VIOLATION OF FAIR CREDIT REPORTING ACT 15 U.S.C.§1681s-2(b)

## BY DEFENDANT TD

22. Defendant TD is a furnisher of information.

23. Section 623(a) of the FCRA describes the duties of furnishers to provide accurate information to CRAs. Section 623(a)(1)(B) prohibits furnishers from providing information relating to a consumer to any CRA if (i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and (ii) the information is, in fact, inaccurate.

24. Section 623(b)(1) of the FCRA requires furnishers of information to CRAs to conduct an investigation when the furnisher receives a notice of dispute from a CRA in accordance with the provisions of Section 611(a)(2) of the FCRA, 15 U.S.C. §1681i(a)(2), and to report the results of the investigation to the CRA. Plaintiff has received no evidence that the furnishers have complied with this requirement.

25. On more than one occasion, Defendant TD reported inaccurate derogatory information to one or more consumer reporting agencies (credit bureaus) as defined by 15 U.S.C. §1681a

26. On more than one occasion, Plaintiff sent a written request to Defendant TD, under the Fair Credit Reporting Act, disputing the information and demanding that Defendant TD investigate the accuracy of the derogatory information that it reported.

27. Defendant TD is required, under the Fair Credit Reporting Act, to conduct the investigation and notify the consumer of the results within 30 days of the request. See 15 U.S.C. §1681s-2(b).

28. Defendant TD did not notify Plaintiff of any determination that Plaintiff's dispute is

frivolous within the 5 days required by 15 U.S.C. §1681s-2(b), nor at any other time. Defendant TD has continued to report inaccurate information to the CRAs even after receiving such notice from Plaintiff.

29. Defendant TD failed to conduct a proper <u>investigation</u> upon receipt of notice from the CRAs, thereby violating 15 U.S.C. §1681s-2(b)(1)(A).

30. Defendant TD failed to review all relevant documentation upon receipt of notice from the CRAs, thereby violating 15 U.S.C. §1681s-2(b)(1)(B).

31. Defendant TD failed to properly report the results to the CRAs, thereby violating 15 U.S.C. §1681s-2(b)(1)(C).

32. Defendant TD failed to delete item that was inaccurate, patently misleading and/or unverified, thereby violating 15 U.S.C. §1681s-2(b)(1)(E).

33. As a direct and proximate result of Defendant TDs' conduct, Plaintiff has suffered actual damages, and will continue to suffer damages, and thus is entitled to recover actual damages pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o.

34. Defendant TD's actions were willful, thereby making it liable to Plaintiff for statutory damages and/or punitive damages pursuant to 15 U.S.C. §1681o.

35. Consumers can maintain a private action against furnishers of information under Section 1681s-2(b). See *Dornhecker v. Ameritech Corp.*, 99 F. Supp. 2d 918 (N.D. Ill. 2000); *DiMezza v. First USA Bank, Inc.*, 103 F. Supp. 2d 1296 (D.N.M. 2000); *Campbell v. Baldwin*, 90 F. Supp. 2d 754 (E.D.Tex.2000).

### COUNT 2
### VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (TCPA), SECTION 227, 47 U.S.C. §227(b)(1)(A), BY DEFENDANT TD

36. Defendant TD has demonstrated willful or knowing non-compliance with the TCPA by using an automatic telephone dialing system to call Plaintiff's telephone number.

37. Defendant TD has committed more than 38 separate violations of the TCPA and Plaintiff is entitled to damages of $1,500 per violation pursuant to 47 U.S.C.

§227(b)(3)(B).

38. Defendant TD has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A). The calls are subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as they were intentional. Defendant TD was told to cease calling Plaintiff. Defendant TD refused and continued to violate 47 U.S.C. §227. An unintentional call carries a damage amount of $500; an intentional call carries a damage amount of $1,500 per violation.

39. The Plaintiff has never given Defendant TD permission to call Plaintiff on his telephone.

40. Plaintiff and Defendant TD do not have an established business relationship within the meaning of 47 U.S.C. §227.

## VII.    RELIEF SOUGHT

### A.    INJUNCTION FOR VIOLATIONS OF THE FCRA

45.    This Court is authorized to issue a permanent injunction to ensure that:

Defendant TD will not continue to violate, the FCRA.

### B.    EQUITABLE RELIEF FOR VIOLATIONS OF THE FCRA

46.   Section 621 of the FCRA, 15 U.S.C. §1681s, authorizes this Court to award monetary civil penalties of not more than $2,500 per violation, per month, for each violation of Sections 623(a)(3) and 623(b) of the FCRA.

47.   Each instance in which Defendant TD has violated Sections 632(a)(3) an 623(b) of the FCRA constitutes a separate violation of the FCRA for which Plaintiff seeks monetary civil penalties under Section 621 of the FCRA, 15 U.S.C. §1681s.

48.   Defendant TD has engaged in knowing violations of the FCRA as described above, which constitute a pattern or practice of violations.

## VIII. PRAYER FOR DAMAGES

**WHEREFORE,** plaintiff prays that this Court enter a judgment for plaintiff, against Defendants by:

(a) Enter a permanent injunction to prevent future violations of the TCPA, and FCRA by Defendants TD and DOMINION;

(b) Adjudging that Defendants TD and DOMINION violated TCPA, and FCRA;

(c) Award such relief as the Court finds necessary to redress injury to Plaintiff resulting from Defendant TDs' violations of the TCPA, and FCRA, including but not limited to, rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill- gotten gains;

(d) Award Plaintiff monetary civil penalties for each violation of the TCPA, and FCRA as alleged in this Complaint;

(e) Award Plaintiff the costs of bringing this action, as well as other and additional relief as the Court may determine to be just and proper.

## IX. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable. Respectfully submitted

this _13th_ day of _September_, 2018.

Arthur-Alexander Godoy, Plaintiff, In Pro Per

## **VERIFICATION**

SS:

I have read the foregoing Complaint, and knows its contents.

I am the Plaintiff, a party to this action, and am authorized to make this verification. The matters stated in the foregoing document are true and of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of BC that the foregoing is true and correct.

Arthur-Alexander Godoy, Plaintiff, In Pro Per