# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARTHUR-ALEXANDER GODOY, | : |
| | : **Civil Action No. 1:17-cv-13149** |
| Plaintiff, | : **(RMB/KMW)** |
| | : |
| v. | : |
| | : |
| TD BANK, N.A., THE TORONTO-DOMINION BANK, and DOES 1-10, | : RETURN DATE: NOV. 5, 2018 |
| | : |
| Defendants. | : |
| | : |

# REPLY BRIEF SUPPORTING TD BANK, N.A.'S AND THE TORONTO-DOMINION BANK'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

By:  Alexander D. Bono (admitted *pro hac vice*)
　　  Lynne E. Evans (Bar No. 901422012)
　　  William Shotzbarger (Bar No. 151422015)
　　  **DUANE MORRIS LLP**
　　  30 South 17th Street
　　  Philadelphia, PA 19103
　　  Tel: (215) 979-1000
　　  Fax: (215) 979-1020
　　  ADBono@duanemorris.com
　　  LEEvans@duanemorris.com
　　  WShotzbarger@duanemorris.com

Dated:　October 29, 2018

## TABLE OF CONTENTS

Page

I. INTRODUCTION ...................................................................................1

II. ARGUMENT..........................................................................................1

    A. The Opposition Underscores That Godoy Never Served T-D.............1

    B. The Opposition Underscores That This Court Lacks Personal Jurisdiction Over T-D...........................................................................2

        1. The Opposition Offers No Evidence Establishing Continuous and Systematic Contacts Between T-D and New Jersey, and TD Bank's Contacts Cannot Establish Jurisdiction Over T-D. ...............................................................3

    C. Specific Jurisdiction Over T-D Does Not Exist...................................4

    D. The Opposition Underscores That Federal Question Jurisdiction Does Not Exist......................................................................................6

    E. The Opposition Underscores That Venue Is Improper. .......................8

    F. The Opposition Underscores That The Amended Complaint Should Be Dismissed for Forum Non Conveniens. ..............................9

    G. The Opposition Shows That The Amended Complaint Fails To State Any Plausible Claim For Relief. ..................................................9

        1. The Opposition Underscores That The Allegations In the Amended Complaint Are Directed At TD Bank Only Or "Defendant". ..............................................................................10

        2. The Opposition Shows That Godoy Has Failed To Plausibly Allege Any Conduct By TD Bank. ..........................11

        3. The Opposition Shows That The Amended Complaint Fails To State A Plausible FCRA Claim. ................................12

        4. The Opposition Underscores That The Amended Complaint Fails To State A Plausible TCPA Claim.................12

      H.      The Opposition Underscores That The Amended Complaint Should Be Dismissed With Prejudice. .................................................13

III.    CONCLUSION.......................................................................................13

<a>
</a>

# TABLE OF AUTHORITIES

**Federal Cases**

*Polanco v. Omnicell, Inc.*, 988 F. Supp. 2d 451, 457 n.6 (D.N.J. 2013)....................7

*Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017) ......................5

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985)..............................................6

*Daimler AG v. Bauman*, 134 S. Ct. 746 (2014).........................................................3

*Ferrante v. Amgen, Inc.*, 2014 U.S. Dist. LEXIS 34975 (D.N.J. Mar. 18, 2014) ......................................................................................................10

*Fogarty v. Household Fin. Corp. III*, 2015 U.S. Dist. LEXIS 23064 (D.N.J. Feb. 25, 2015) .......................................................................................10

*Goldenberg v. Indel, Inc.*, 741 F. Supp. 2d 618 (D.N.J. 2010).................................7

*Griglak v. CTX Mortg. Co., LLC*, 2010 U.S. Dist. LEXIS 34941 (D.N.J. Apr. 8, 2010) ........................................................................................10

*Kates v. King*, 487 F. App'x 704 (3d Cir. 2012) .......................................................7

*Kisano Trade & Invest. Ltd. v. Lemster*, 737 F.3d 869 (3d Cir. 2013).....................9

*Leer Elec., Inc. v. Schmerin*, 2011 U.S. Dist. LEXIS 87198 (M.D. Pa. Aug. 8, 2011) .................................................................................................10

*Norman v. Sito Mobile Sols.*, 2017 U.S. Dist. LEXIS 52889 (D.N.J. Apr. 6, 2017)..........................................................................................................13

*Radocesky v. Munley*, 247 F. App'x 363 (3d Cir. 2007) ........................................10

*Rapaport v. Robin S. Weingast & Assocs.*, 859 F. Supp. 2d 706 (D.N.J. 2012)....................................................................................................7

*Seltzer v. I.C. Optics, Ltd.*, 339 F. Supp. 2d 601 (D.N.J. 2004) ...............................6

*Trenk v. Bank of Am.*, 2017 U.S. Dist. LEXIS 143410 (D.N.J. Aug. 28, 2017) .....................................................................................................13

*Wallace v. Keystone Printed Specialties Co.*, 2016 U.S. Dist. LEXIS
　132189 (D.N.J. Sept. 27, 2016) .............................................................................. 2-3

**Federal Statutes and Rules of Court**

Fed. R. Civ. P. 4(h)(1) ..................................................................................................2

Fed. R. Civ. P. 12(b)(5) ............................................................................................ 1-2

Fed. R. Civ. P. 12(b)(6) ..............................................................................................10

I. INTRODUCTION

The Opposition filed by Plaintiff Arthur-Alexander Godoy ("*Godoy*") (Dkt. 27) underscores six reasons why Defendants The Toronto-Dominion Bank's ("*T-D*") and TD Bank, N.A.'s ("*TD Bank*") Motion to Dismiss the Amended Complaint (Dkt. 26) ("*Motion*") should be granted, and the Amended Complaint should be dismissed, with prejudice:

*First*, Godoy never served T-D;

*Second,* the Court lacks personal jurisdiction over T-D, and Godoy fails to follow the Court's roadmap in separating allegations between T-D and TD Bank;

*Third*, the Court lacks subject matter jurisdiction over T-D's conduct in Canada;

*Fourth*, venue is improper over T-D's conduct in Canada;

*Fifth*, the Amended Complaint should be dismissed for *forum non conveniens*;

*Sixth*, the Amended Complaint fails to state any plausible claim for relief against TD Bank and T-D.

II. ARGUMENT

 A. **The Opposition Underscores That Godoy Never Served T-D.**

Godoy failed to serve T-D and the Amended Complaint should be dismissed. Fed. R. Civ. P. 12(b)(5). The Opposition claims that "Defendants were properly served," citing Exhibit C to the Opposition. Opp., p. 8. But Exhibit C

does *not* show that Godoy served T-D, or even attempted to make service on T-D. Instead, Exhibit C shows only that Godoy served TD Bank at its offices in New Jersey.

If Godoy wanted to serve T-D within the United States, then Rule 4 requires Godoy to do so "in the manner prescribed by Rule 4(e)(1) for serving an individual"[1] or by delivering the summons and complaint "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]"[2]  Fed. R. Civ. P. 4(h)(1).  Godoy never shows that he complied with either service method.  Thus, the Amended Complaint against T-D[3] must be dismissed.  Fed. R. Civ. P. 12(b)(5).  *See also* Defs' Br., pp. 5-8.

### B. The Opposition Underscores That This Court Lacks Personal Jurisdiction Over T-D.

The Opposition shows that Godoy fails to meet his burden of demonstrating that this Court has personal jurisdiction over T-D.  *See Wallace v. Keystone Printed Specialties Co.*, 2016 U.S. Dist. LEXIS 132189, at *4-5 (D.N.J. Sept. 27, 2016) ("When a defendant attacks the court's jurisdiction, **the plaintiff shoulders**

---

[1] *See also* Defs' Br., pp. 5-8.

[2] The Baines Verification attached to the Motion (Dkt. 26-3), shows that T-D has no authorized agent in New Jersey to accept service.  Baines Verification, ¶ 9.

[3] Godoy never argues that he served T-D outside the United States.  *See generally* Opp., p. 8.  *See also* Defs' Br., pp. 6-7 (discussing Hague Convention service).

*the burden of demonstrating that jurisdiction is proper*.").[4]  To sustain this burden, Godoy was required to "establish[] with reasonable particularity sufficient contacts between [T-D] and [New Jersey] . . . through sworn affidavits or other evidence; reliance on the bare pleadings is not enough." *Id.*  Godoy fails to offer any such evidence showing sufficient contacts between T-D and New Jersey.

> **1.   The Opposition Offers No Evidence Establishing Continuous and Systematic Contacts Between T-D and New Jersey, and TD Bank's Contacts Cannot Establish Jurisdiction Over T-D.**

The Opposition fails to offer sworn affidavits or evidence establishing that T-D has "affiliations with the State [that] are *so continuous and systematic as to render [T-D] essentially at home in the forum State*," "*i.e.*, comparable to a domestic enterprise in that State." *See Daimler AG v. Bauman*, 134 S. Ct. 746, 758 n.11, 761 (2014).  *See also* Defs' Br., pp. 10-12.  To the contrary, the Baines Verification makes clear that T-D has no New Jersey nexus.

T-D is a Canadian chartered bank, with a principal place of business in Toronto;  has not conducted any business activities in New Jersey; has no stores, branches or corporate offices in New Jersey; is not registered to do business in New Jersey; does not employ any employees in New Jersey; does not advertise, market, offer products or services for sale to consumers in New Jersey; does not

---

[4] Emphasis added throughout unless indicated to the contrary.

pay taxes to New Jersey; and does not have an authorized agent in New Jersey to accept service of summons and complaints. *See* Baines Verification, ¶¶ 2-9.

The Opposition appears to argue, citing two cases, that this Court has jurisdiction over T-D because TD Bank conducts business in the United States.[5] Opp. p. 9. To the contrary, this Court recognized in its opinion dismissing the original complaint: "The parent-subsidiary relationship alone, however, is not enough to confer general jurisdiction." Court Opinion (Dkt. 21), p. 6 n.4; *see also* Defs' Br., pp. 12-13 (citing cases holding no general jurisdiction conferred by parent corporation's ownership of subsidiary with New Jersey contacts). The claims against T-D therefore must be dismissed.

C. **Specific Jurisdiction Over T-D Does Not Exist.**

The Opposition fails to rebut that specific jurisdiction over T-D does not exist. Godoy claims that the allegations show that "the conduct complained of was conducted in the US, against a US citizen, and calls [were] made in the US." Opp. p. 9. But Godoy fails to follow this Court's roadmap by distinguishing between TD Bank and T-D. *See* Court Opinion, p. 6-7 (Dkt. 21). Specific jurisdiction does not exist over T-D because any allegations against T-D are for alleged conduct that took place in Canada. *See* Am. Compl., Factual Allegations ¶¶ 2-7; 9-12; *see also*

---

[5] Neither case cited by Godoy supports a conclusion that the Court has jurisdiction over T-D for this alleged dispute. *See* Opp. p. 9.

*id.*, Exs. A-F, H-J.  Here, no specific personal jurisdiction exists over T-D because T-D has no contacts with New Jersey which could conceivably underlie any alleged controversy.  *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1781 (2017).  *See also* Defs' Br., pp. 13-16.

Godoy attaches exhibits to his Opposition, which further show that the conduct occurred in Canada.  The Canadian Equifax letter dated October 4, 2017, refers to "the debt reporting from Toronto Dominion Bank."  Opp., Ex. B.  Similarly, the letters from the American credit reporting agencies state that ***no American credit line has been identified***, and inform Godoy that these agencies do not report or monitor international lines of credit.

- **TransUnion Sept. 14, 2017 Letter**:  "In addition, Trans Union maintains credit reports on individuals who have existing credit histories of U.S. origin. Any credit established outside of the U.S. will not be reported to Trans Union." Opp., Ex. D, pp. 31; 35.

- **Equifax Sept. 26, 2017 Letter**:  "At this time, we are unable to locate an Equifax credit file for you with the identification information that you provided. Equifax maintains credit files mainly on United States residents. If you have not lived in the United States, or have not been issued a U.S. Social Security number, you may not have an Equifax credit file." Opp., Ex. D at p. 32.

- **Equifax Oct. 10, 2017 Letter:**  "Equifax maintains a database that contains files on nearly every American consumer, but it does not contain any international activity or international addresses." Opp., Ex. D at p. 33.

- **Experian Oct. 18, 2017 Letter:**  "Since you indicated that you currently live outside the United States, we will need the following information in order to access your credit report." Opp., Ex. D at p. 34.

5

These letters attached to the Opposition, like the exhibits to the Amended Complaint exhibits, show that there has been no identification of any American credit line in Godoy's name and that the conduct occurred in Canada. *See* Defs' Br. at pp. 3-5; 11-15. Because the Opposition fails to show how the Amended Complaint proves that jurisdiction exists over T-D, the Amended Complaint should be dismissed.

Further, the Opposition fails to address that the exercise of jurisdiction over T-D would violate traditional notions of fair play and substantial justice because T-D has no reason to expect to be haled into court in New Jersey when it has no contacts here. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985); *Seltzer v. I.C. Optics, Ltd.*, 339 F. Supp. 2d 601, 612 (D.N.J. 2004).

### D. The Opposition Underscores That Federal Question Jurisdiction Does Not Exist.

The Opposition underscores four reasons why federal question jurisdiction does not exist. ***First***, the Opposition does not dispute that the FCRA and TCPA, on which Godoy's allegation of federal question jurisdiction is based, ***do not*** apply outside the United States. *See* Defs' Br., pp. 16-18. *See generally* Opp.

The Opposition tries to implicate TD Bank by contending the conduct occurred in the United States. *See* Opp., p. 10. But this argument is belied by Godoy's Amended Complaint, its exhibits, and the exhibits to the Opposition, which plainly show that ***this dispute is between Godoy and T-D only***. Indeed, the

6

letters attached to Godoy's Amended Complaint were from T-D about the Canadian Credit Card, not from TD Bank or about a TD Bank product. And the letters attached to the Opposition show that American credit reporting agencies state that *no American credit line has been identified.*

It is black letter law that, *where documents attached to a complaint contradict plaintiff's allegations, the documents control*. *See, e.g., Kates v. King*, 487 F. App'x 704, 706 (3d Cir. 2012) (upholding dismissal for failure to state a claim where documents attached to complaint contradicted plaintiff's claims).[6]

Godoy cannot plausibly allege any involvement by TD Bank where Godoy's own documents show the relationship at issue is between Godoy and T-D only. Finally, the Opposition fails to contest that there are absolutely no allegations that T-D acted within the United States, or that T-D did, or could, report credit information concerning Godoy to Credit Reporting Agencies in the United States.

***Second***, the Opposition concludes that calls were made in the United States by T-D and TD Bank. Opp., pp. 5 and 10. As shown, Godoy has not plausibly

---

[6] *Accord Polanco v. Omnicell, Inc.*, 988 F. Supp. 2d 451, 457 n.6 (D.N.J. 2013) (where letter attached to complaint "directly contradict[ed] [plaintiff's] allegations . . . the Court need not accept such purported allegations as true"); *Rapaport v. Robin S. Weingast & Assocs.*, 859 F. Supp. 2d 706, 714 (D.N.J. 2012) ("When allegations contained in a complaint are contradicted by the document it cites, the document controls."); *Goldenberg v. Indel, Inc.*, 741 F. Supp. 2d 618, 624 (D.N.J. 2010) (where "public documents or documents referenced in the Complaint . . . contradict the Complaint's factual allegations, the documents will control.").

alleged any credit reporting occurred in the United States, and makes no allegations that "calls were done in the United States." To the contrary, any calls concerning the Canadian Credit Card were from T-D in Canada. *See* Baines Verification, ¶ 14.

*Third*, the Opposition concedes that Godoy cannot establish diversity jurisdiction. *See* Opp., p. 10 (asserting Godoy is "a USA citizen," and that "no diversity has been claimed by Plaintiff in this action."). Nevertheless, it is noteworthy that whether Godoy is a U.S. citizen (which is not alleged in the Complaint) is meaningless for diversity jurisdiction because citizenship is based on domicile, and Godoy himself alleges that he resides in Canada. *See* Am. Compl., Parties, ¶ 7.

### E. The Opposition Underscores That Venue Is Improper.

The Opposition does not dispute that venue for a TCPA claim is where the telephone call was received. *See* Defs' Br., p. 23 (and cases cited therein). The Opposition's conclusory argument that some calls were received by Godoy "while he was in the USA" fails to allege that any calls were actually received ***in this district***. *See* Opp., pp. 10-11.

Likewise, the Opposition does not dispute that venue for a FCRA action is where defendant conducts its credit reporting business. *See* Defs' Br., p. 24. As shown, any credit reporting activity on Godoy's Canadian Credit Card was in

Canada, where T-D conducts business. Further, alleging that business was conducted "within the US" (Opp., p. 10) is not the same as conducting business within this district, as required for venue.

> **F.    The Opposition Underscores That The Amended Complaint Should Be Dismissed for *Forum Non Conveniens*.**

The Opposition fails to show, as Godoy must, that: (1) the claim can be heard in an available and adequate alternative forum that has jurisdiction over the dispute, and (2) the balance of certain private and public interests favor dismissal. *Kisano Trade & Invest. Ltd. v. Lemster*, 737 F.3d 869, 873 (3d Cir. 2013); Motion Br., at 25-26. The Opposition does not address any of the public or private factors that this Court must consider in its analysis, but only states that "as history shows, T-D has been sued here before." Opp., p. 11.

Further, the Opposition ignores that Godoy agreed that Canadian law would govern any dispute concerning the Canadian Credit Card. *See* Ex. A, Baines Verification, Exhibit 1 ("What Law Applies"). As discussed in TD Bank's and T-D's Motion, New Jersey is not a convenient forum for T-D and the witnesses, and thus, this action should be dismissed. *See* Defs' Br., at pp. 25-26.

> **G.    The Opposition Shows That The Amended Complaint Fails To State Any Plausible Claim For Relief.**

At the outset, the Opposition fails to address several bases for dismissing the claims against T-D and TD Bank, and thus waives these claims. Under well settled

9

law, ***a plaintiff's failure to respond to arguments advanced in support of a motion to dismiss results in a waiver of the claim sought to be dismissed***. *See Fogarty v. Household Fin. Corp. III*, 2015 U.S. Dist. LEXIS 23064, at *25-26 (D.N.J. Feb. 25, 2015) (dismissing with prejudice plaintiff's claim where defendants "set forth several substantive arguments concerning why Plaintiff's claim fails as a matter of law" and plaintiff's opposition "failed to address [defendants'] arguments entirely[,]" finding that plaintiff "has waived this claim").[7] The Opposition fails to rebut several arguments for dismissal, and for this reason, and others shown below, each claim must be dismissed.

> 1. **The Opposition Underscores That The Allegations In the Amended Complaint Are Directed At TD Bank Only Or "Defendant".**

It is black letter law that dismissal is warranted when there is no conduct alleged by a defendant. *See, e.g., Radocesky v. Munley*, 247 F. App'x 363, 366 n.2 (3d Cir. 2007) (dismissal under Rule 12(b)(6) because there were "no allegations directed at [several] defendants"); *Leer Elec., Inc. v. Schmerin*, 2011 U.S. Dist. LEXIS 87198, at *10 (M.D. Pa. Aug. 8, 2011) (dismissing individual defendant where plaintiff "makes no allegations against [her] in his amended complaint").

---

[7] *Accord, Ferrante v. Amgen, Inc.*, 2014 U.S. Dist. LEXIS 34975, at *18 (D.N.J. Mar. 18, 2014) ("[T]he failure to respond to an argument advanced in support of a motion to dismiss results in a waiver of the claim sought to be dismissed.") (internal citations omitted); *Griglak v. CTX Mortg. Co., LLC*, 2010 U.S. Dist. LEXIS 34941, at *7 (D.N.J. Apr. 8, 2010) (same).

The Opposition still fails to follow this Court's roadmap and make any meaningful distinction between the allegations specifically against T-D versus those against TD Bank. Instead, the Opposition argues that "TD and T-D are jointly liable for all violations alleged in the complaint." Opp. at p. 12. And Godoy substituting "TD Bank" in place of "T-D" in some of his allegations does not cure this defect. Not only does Godoy continue to ignore this Court's caution to specify "to which Defendant he alleges engages in what allegedly unlawful conduct," Court Opinion (Dkt. 21), p. 3 n.5, but Godoy also ignores the clear law in this District that failing to distinguish allegations against co-defendants compels dismissal. *See* Defs' Br. at p. 28.

### 2. The Opposition Shows That Godoy Has Failed To Plausibly Allege Any Conduct By TD Bank.

The Opposition underscores that Godoy fails to plausibly allege that TD Bank engaged in any conduct relevant to Godoy's claims and thus dismissal is warranted. *See* Defs' Br. 28-29 (and cases cited therein). And Godoy editing his original complaint, by substituting "TD Defendant" for "Defendant," does not cure this defect.

The Opposition's allegations that TD Bank engaged in conduct relevant to this case is belied by the exhibits, each of which shows that the interactions underlying Godoy's claims were between ***T-D and Godoy***. There are simply no plausible allegations that TD Bank had anything to do with the Canadian Credit

11

Card issued by T-D, the letters or calls to Godoy, or credit reporting. Indeed, the exhibits attached to the Opposition show that there has been no identification of any American credit line in Godoy's name and that the conduct occurred in Canada. *See* Defs' Br. at pp. 3-5; 13-16. Accordingly, such allegations must be disregarded because they contradict the evidence (*see* Defs' Br. pp. 33-34 (listing cases)) and the Amended Complaint should be dismissed. *See* Defs' Br., pp. 28.

### 3. The Opposition Shows That The Amended Complaint Fails To State A Plausible FCRA Claim.

*First*, the Opposition does not contest that a furnisher's duties are only triggered after it receives notice from a CRA about a dispute. *See* Defs' Br., p. 29. Yet, the Opposition fails to state that Godoy notified the appropriate CRA(s) about the alleged dispute. *Second*, and similarly, the Motion explained that Godoy did not allege what "inaccuracy" was on his report, and the Opposition fails to remedy this deficiency in the FCRA claim. *See* Defs' Br., pp. 30-31. *Third*, the exhibits attached to the Opposition show that there has been no identification of any American credit line in Godoy's name and that the credit reporting occurred in Canada. *See* Defs' Br. at pp. 3-5; 13-16.

### 4. The Opposition Underscores That The Amended Complaint Fails To State A Plausible TCPA Claim.

The Opposition makes no attempt to address the elements necessary to sustain a TCPA claim. *See* Defs' Br., p. 31. The TCPA claim should therefore be

dismissed because Godoy failed to allege that (1) the calls were placed to a cell or wireless phone, (2) by use of an automated dialing system, and (3) without prior consent. *Norman v. Sito Mobile Sols.*, 2017 U.S. Dist. LEXIS 52889, at *4 (D.N.J. Apr. 6, 2017). Indeed, there are absolutely no facts alleged that calls were made to a cell phone, or about the calls or circumstances that make it plausible that they were made using an automated telephone dialing system. *See, e.g., Trenk v. Bank of Am.*, 2017 U.S. Dist. LEXIS 143410, at *3-8 (D.N.J. Aug. 28, 2017) (dismissing TCPA claim where complaint "merely alleges that the calls and messages were 'auto-dialed', but offers no facts to support this allegation."). *See also* Defs' Br., pp. 31-33 (and cases cited dismissing TCPA claims).

### H. The Opposition Underscores That The Amended Complaint Should Be Dismissed With Prejudice.

The Opposition has failed to show good cause for Godoy to be permitted to amend his allegations for a second time. Godoy has failed to follow the Court's roadmap and has not provided any basis for good cause for leave to amend, and does not point to facts that could cure the Amended Complaint's defects. Thus, amendment would be futile, and Godoy's Amended Complaint should be dismissed with prejudice.

### III. CONCLUSION

The Opposition underscores that Godoy's Amended Complaint should be dismissed with prejudice for six reasons:

*First*, Godoy never served T-D;

*Second,* the Court lacks personal jurisdiction over T-D, and Godoy fails to follow the Court's roadmap in separating allegations between T-D and TD Bank;

*Third*, the Court lacks subject matter jurisdiction over T-D's conduct in Canada;

*Fourth*, venue is improper over T-D's conduct in Canada;

*Fifth*, the Amended Complaint should be dismissed for *forum non conveniens*;

*Sixth*, the Amended Complaint fails to state any plausible claim for relief against TD Bank and T-D.

Respectfully submitted,

Dated:  October 29, 2018

*/s/* William Shotzbarger
Alexander D. Bono (admitted *pro hac vice*)
Lynne E. Evans (Bar No. 901422012)
William Shotzbarger (Bar No. 151422015)
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA 19103
Tel: (215) 979-1000
Fax: (215) 979-1020
ADBono@duanemorris.com
LEEvans@duanemorris.com
WShotzbarger@duanemorris.com